## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAE PRODUCTIONS, INC.,

    Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

Civil Action No. 08-1474 (CKK)

## MEMORANDUM OPINION
(December 19, 2008)

Plaintiff SAE Productions, Inc. ("SAE Productions" or "Corporation") brings the instant

lawsuit against Defendant Federal Bureau of Investigation ("FBI") pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 522, *et seq.*, and the Privacy Act, 5 U.S.C. § 552a, *et seq*.

Plaintiff filed its Complaint on August 26, 2008, alleging that Defendant FBI has improperly

withheld agency records requested by Plaintiff pursuant to FOIA and the Privacy Act.  Presently

before the Court is Defendant's [7] Motion to Dismiss, or, Alternatively, for Partial Summary

Judgment,[1] as well as Plaintiff's [13] Opposition, and Defendant's [16] Reply.  After a thorough

review of the parties' submissions, applicable case law and statutory authority, the Court

concludes that it lacks subject matter jurisdiction over Plaintiff's FOIA claims.  Furthermore, the

Court finds, *sua sponte*, that it lacks subject matter jurisdiction over Plaintiff's Privacy Act

---

[1]The Court notes that although Defendant's Motion to Dismiss seeks to dismiss
Plaintiff's Complaint in its entirety, Defendant addresses only Plaintiff's standing to brings its
claims under FOIA.  *See generally* Def.'s Motion to Dismiss, Docket No. [7] (hereinafter "Def.'s
MTD").  Defendant's Motion to Dismiss does not address Plaintiff's claims pursuant to the
Privacy Act.

claims.  Accordingly, because the Court resolves this matter solely on the legal grounds that it lacks subject matter jurisdiction and does not reach the merits of this case, the Court shall treat Defendant's Motion as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and shall grant Defendant's Motion to Dismiss as to Plaintiff's FOIA claims.  Moreover, because the Court also finds that it lacks subject matter jurisdiction over Plaintiff's Privacy Act claims, the Court shall dismiss Plaintiff's Complaint in its entirety.

## I.  BACKGROUND

The instant lawsuit arises out of three separate requests for information under FOIA and/or the Privacy Act, each made by Mr. Steven Emerson, President of SAE Productions.  *See* Complaint, Docket No. [1], ¶¶ 3, 5-20.  The Court will briefly review each request before turning to the procedural history in the instant case.

### A.  *Requests Pursuant to FOIA and/or the Privacy Act*

#### 1.  The January 15, 2008 Request Made Pursuant to FOIA

As set out in Plaintiff's Complaint, the first request was submitted by Mr. Emerson to the FBI by letter dated January 15, 2008 (hereinafter "January 15, 2008 Request").[2]  *Id.* ¶ 16.  Made pursuant to FOIA, the January 15, 2008 Request sought "all documents that relate to the development of youth camps, with any association with the FBI as indicated in the supplied materials, for Muslim Youth."  *Id.* ¶ 16.  The FBI subsequently sent a letter to Mr. Emerson, dated February 21, 2008, informing him that no responsive records had been found.  *Id.* ¶ 17.

---

[2]It appears that Plaintiff's letter was incorrectly dated January 15, 2007, and instead should have been dated January 15, 2008.  *See* Compl. ¶ 16.  The Court shall use the correct year in referring to the request in this Memorandum Opinion.

2.  The January 31, 2008 Request Made Pursuant to FOIA and the Privacy Act

The second request was submitted by Mr. Emerson to the FBI by letter dated January 31, 2008 (hereinafter "January 31, 2008 Request").[3] *Id.* ¶ 5.  Made pursuant to both FOIA and the Privacy Act, the January 31, 2008 Request sought "'all FBI communication and/or other FBI documentation (including but not limited to e-mails, letters, memos, and reports)' related to Emerson from 2000 to present."  *Id.*  By letter dated March 21, 2008, the FBI informed Mr. Emerson that no records responsive to Mr. Emerson's request could be found.  *Id.* ¶ 7.

3.  The April 3, 2008 Request Made Pursuant to FOIA and the Privacy Act

The third request was submitted by Mr. Emerson to the FBI by letter dated April 3, 2008 (hereinafter "April 3, 2008 Request").  *Id.* ¶ 13.  The third request, like the second request, was made pursuant to both FOIA and the Privacy Act and sought "'all FBI communication and/or other FBI documentation (including but not limited to e-mails, letters, memos, and reports)' related to Emerson from 2000 to present."  *Id.*  As alleged in Plaintiff's Complaint, "[m]ore than twenty working days elapsed without a determination by the FBI concerning Emerson's [third] request. . . ."  *Id.* ¶ 14.

B.  *Procedural Background*

Plaintiff filed the instant lawsuit on August 26, 2008, alleging that Defendant FBI has improperly withheld the disclosure of agency records as requested by Plaintiff pursuant to FOIA and the Privacy Act.  Defendant FBI subsequently filed a Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment.  Docket No. [7].  Defendant argues that

---

[3]It appears that Plaintiff's letter was incorrectly dated January 31, 2007, and instead should have been dated January 31, 2008.  *See* Compl. ¶ 5.  The Court shall use the correct year in referring to the request in this Memorandum Opinion.

Plaintiff's FOIA claims should be dismissed pursuant to Federal Rule of Civil Procedure

("Rule") 12(b)(1) for lack of subject matter jurisdiction because Plaintiff SAE Productions itself

did not submit any of the requests at issue and therefore lacks standing to pursue this case.  *See*

Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (hereinafter

"Def.'s Mem.") at 1.   Plaintiff filed an Opposition, Docket No. [13] (hereinafter "Pl.'s Opp'n"),

and Defendant subsequently filed a Reply, Docket No. [16] (hereinafter "Def.'s Reply").

Defendant's Motion to Dismiss as to all counts is therefore ripe.[4]  As noted above, however,

Defendant's Motion to Dismiss and the related briefing fail to discuss Plaintiff's Privacy Act

claims.  *See supra* 1 n.1.  Nonetheless, the Court has an independent obligation to ensure it has

subject matter jurisdiction over all of Plaintiff's claims, including those made pursuant to the

Privacy Act.  Accordingly, upon consideration of the parties' submissions and its own

independent review, the Court finds that Plaintiff lacks standing to bring its claims pursuant to

both FOIA and the Privacy Act.

---

[4]The Court notes that, in the current motion now before the Court, Defendant has also moved in the alternative for summary judgment as to two of the three counts alleged in Plaintiff's Complaint—specifically, as to Count II (which stems from the April 3, 2008 Request), *see* Compl. ¶¶ 13-15, and Count III (which stems from the January 15, 2008 Request), *see id.* ¶¶ 16-20.  *See* Def.'s Mem. at 1.  As to Counts II and III, Defendant argues that summary judgment is appropriate because the requester failed to exhaust his administrative remedies and, in any event, the undisputed facts show that Defendant fully complied with the mandate of FOIA.  *Id.* Although the Court does not reach the merits of Plaintiff's claims, the Court notes that Plaintiff has conceded that it failed to exhaust administrative remedies as to Counts II and III: "After reviewing the administrative record SAE now readily concedes that it failed to exhaust administrative remedies with respect to Counts II and III."  Pl.'s Opp'n at 9.  Finally, by separate motion, Defendant has also moved in the alternative for summary judgment as to Count I (which stems from the January 31, 2008 Request), *see* Compl. ¶¶ 5-11, arguing that Defendant has fully complied with the mandate of FOIA.  Defendant's Mot. for Summary Judgment as to Count I of the Complaint, Docket No. [12] at 1.  Although briefing on Defendant's Motion for Summary Judgment as to Count I of the Complaint is not yet complete, it does not affect Defendant's Motion to Dismiss as to all counts, which has been fully briefed and is therefore ripe.

## II.  LEGAL STANDARDS

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction.  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); *see also Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  A court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350).  Finally, "[a]lthough 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) (in resolving a motion to dismiss pursuant to Rule 12(b)(1), a court "may also consider 'undisputed facts evidenced in the record'") (internal citations omitted).

III.  DISCUSSION

*A.  Plaintiff's FOIA Claims*

As indicated above, all three requests at issue in this case were made pursuant to FOIA (collectively, "FOIA Requests). *See supra* 2-3.  Defendant argues that Plaintiff lacks standing to bring its claims under FOIA because Mr. Emerson, who submitted the FOIA Requests at issue, did not sufficiently make clear that the requests were made on behalf of SAE Productions.  *See* Def.'s Mem. at 5-7; Def.'s Reply at 2-6.  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37(1976)).  A core element of Article III's case-or-controversy requirement is that a plaintiff must establish that he or she has standing to sue.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  FOIA provides that "[a]ny person who submitted a request for existing documents that the petitioned agency denied has standing to bring a FOIA challenge." *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2 (D.D.C. 2005).  A "person," as defined under FOIA, includes a corporation.  *See* 5 U.S.C. § 551(2).  "Because a corporate entity is unable to sign anything itself, it is permissible for an attorney or other agent to file a FOIA request on behalf of the corporation." *Three Forks Ranch*, 358 F. Supp. 2d at 3 (internal citations omitted).  Courts have generally held, however, that the attorney or agent must adequately identify that he or she is making the FOIA request on behalf of the corporation in order for the corporation itself to have standing to pursue a FOIA action.  *See id.*  "Consistent with this law, several courts have dismissed FOIA claims for lack of standing where plaintiff's counsel submitted a request for documents to an agency without

including the plaintiff's name on the request or stating that the request was being filed on behalf of the plaintiff." *Brown v. E.P.A.*, 384 F. Supp. 2d 271, 276 (D.D.C. 2005); *see also Haskell Co. v. Dep't of Justice*, No. Civ. A. 05-1110, 2006 WL 627156, *2 (D.D.C. Mar. 13, 2006) (finding that plaintiff company had no standing to pursue FOIA claims where requests were made by law firm without indicating that plaintiff was an interested party or co-requester); *Three Forks Branch*, 358 F. Supp. 2d at 3 (holding plaintiff lacked standing to bring FOIA claims where "it is not clear that the request is being made on behalf of" the plaintiff)*; Unigard Ins. Co. v. Dep't of Treasury*, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997) (dismissing FOIA case for lack of subject matter jurisdiction because plaintiff was not adequately identified as FOIA requester).

The Court is persuaded that Plaintiff lacks standing to bring its claims under FOIA. Although Plaintiff, as a corporation, may have an agent file a FOIA request on its behalf, the Court finds that Mr. Emerson did not adequately indicate that the FOIA Requests at issue here were made on the behalf of Plaintiff SAE Productions. First, review of the Complaint in this matter makes clear that, even accepting as true all factual allegations contained in the Complaint, Plaintiff has not alleged facts sufficient to demonstrate that the FOIA Requests were adequately identified as made on behalf of SAE Productions. Indeed, the only support for this claim in the Complaint is Plaintiff's broad, conclusory assertion that "[t]he FOIA requests at issue were submitted by Emerson on behalf of SAE." Compl. ¶ 3. Closer review of the specific allegations in the Complaint, however, shows that the facts, as alleged by Plaintiff, simply do not bear out this assertion. For example, the Complaint explicitly states that "Emerson submitted" each of the three FOIA Requests, and provides no factual allegations that in doing so, Mr. Emerson identified or otherwise acknowledged that he was making such requests on behalf of Plaintiff.

*See* Compl. ¶¶ 5, 13, 16.  Moreover, the Court notes that as to the January 31, 2008 Request and

the April 3, 2008 Request, the Complaint does not even allege that Plaintiff has a legal right to

pursue the requests, stating only that "Emerson has a legal right under the FOIA . . . to obtain the

information he seeks"—no similar assertion is made that SAE Productions itself has an equal

legal right under FOIA.  *See id.* ¶¶ 12, 15.  Even giving all favorable inferences to Plaintiff,

there are simply no factual allegations in the Complaint that would support a finding that Mr.

Emerson adequately identified that the three FOIA Requests in this case were made on behalf of

SAE Productions.

     Second, review of the actual FOIA Requests themselves confirms that the Corporation

was not adequately identified as the FOIA requester.[5]  Each of the three FOIA Requests states

only that "[t]his is a request by Steven Emerson of SAE Productions."  *See* Def.'s MTD, Ex. A

to Ex. 2 (hereinafter "April 3, 2008 Request); *id.*, Ex. D (hereinafter "January 15, 2008

Request"); *id.*, Ex. F (hereinafter "January 31, 2008 Request").  As Plaintiff concedes, none of

the FOIA Requests expressly state that Mr. Emerson was making the requests on behalf of SAE

Productions.  *See* January 15, 2008 Request; January 31, 2008 Request; April 3, 2008 Request.

---

     [5]Copies of the January 15, 2008 Request, the January 31, 2008 Request and the April 3, 2008 Request are attached as Exhibit D, F and A respectively to the Declaration of David M. Hardy, itself attached as Exhibit 2 to Defendant's Motion to Dismiss.  Plaintiff does not dispute that these are correct copies of the three requests at issue.  *See* Pl.'s Opp'n at 2-3 (affirmatively incorporating the factual and procedural background concerning the three requests at issue as set forth in Defendant's Motion to Dismiss).  As explained above, "'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coalition for Underground Expansion,* 333 F.3d at 198 (internal citations omitted). Accordingly, the Court may properly refer to the copies of the requests, as attached to Defendant's Motion to Dismiss, in resolving the Court's subject matter jurisdiction pursuant to Rule 12(b)(1).

"Like other courts . . ., this Court finds that although the request made by [Mr. Emerson] *mentions* [Plaintiff Corporation], it is not clear that the request is being made on behalf of his client." *Three Forks Branch*, 358 F. Supp.2d at 3 (emphasis in original). "It is unreasonable to expect overburdened FOIA administrators to interpret whether a request is being made by the individual writing the request letter, by someone else mentioned in the letter, or both." *Id.*

Moreover, although Plaintiff argues that there is sufficient indication in the FOIA Requests for Defendant to have realized or otherwise inferred that the requests were made on behalf of SAE Productions (rather than on Mr. Emerson's own personal behalf), the Court cannot agree. There is simply no language from which any such inference may be made. Indeed, to the contrary, each of the FOIA Requests was written strictly in the first-person, with references only to Mr. Emerson, thereby affirmatively suggesting that Mr. Emerson was in fact making the requests on his own behalf. For example, in each request, Mr. Emerson explains: "I am a representative of the news media as defined at 28 CFR 16.11(b)(6). I frequently publish articles in the mainstream media, am the author of five books, and make frequent television appearances."[6] *See* January 15, 2008 Request; January 31, 2008 Request; April 3, 2008 Request. Still yet, each request is phrased in the first-person, explicitly stating: "I am writing to request .

---

[6]Plaintiff oddly argues that this language in fact supports its position. *See* Pl.'s Opp'n at 7. The Court assumes that this argument references the fact, as alleged in the Complaint, that Plaintiff SAE Productions is a production and research news organization. *See* Compl. ¶ 3. However, as Defendant correctly points out, the FOIA Requests do not indicate the nature of the work Plaintiff SAE Productions is engaged in and there is no reason to presume that a reader would otherwise know that Plaintiff was a production and research news organization. *See* January 15, 2008 Request; January 31, 2008 Request; April 3, 2008 Request.

. . ." *See* January 15, 2008 Request; January 31, 2008 Request; April 3, 2008 Request.[7]  The

Court finds that the FOIA Requests themselves do not adequately give notice to a reader that the

requests are being made by Mr. Emerson on behalf of SAE Productions.

    Plaintiff urges to the contrary, contending that "Mr. Emerson submitted the FOIA

requests on SAE letterhead in his role of President of SAE."  Pl.'s Opp'n at 7.  Nowhere in the

three FOIA Requests, however, does Mr. Emerson identify that he is President of SAE

Productions.  *See* January 15, 2008 Request; January 31, 2008 Request; April 3, 2008 Request.

Indeed, the FOIA Requests do not provide any information indicating that Mr. Emerson is an

agent with authority to act on behalf of SAE Productions.  *See* January 15, 2008 Request;

January 31, 2008 Request; April 3, 2008 Request.  Moreover, Plaintiff cites to no authority

supporting its argument that the use of corporate letterhead, without more, is a sufficient

indication that a FOIA request is being made on behalf of the corporation, nor is the Court so

persuaded.  Along similar lines, Plaintiff highlights the fact that the FOIA Requests direct the

FBI to send related correspondence to Mr. Emerson's assistant at SAE Productions.  Pl.'s Opp'n

at 7.  But again, Plaintiff offers no authority that this fact confers standing to the Corporation,

nor is the Court persuaded that this adequately advises the FBI that the request was made by the

---

    [7]Furthermore, as to the January 31, 2008 Request and the April 3, 2008 Request, both
seek only FBI communications and documentation "related to *me* from 2000 to present."  *See*
January 31, 2008 Request; April 3, 2008 Request (emphasis added).  These requests were made
pursuant to both FOIA and the Privacy Act, the latter of which, as discussed below, *infra* 11,
gives rights personal to the individual who is the subject of the record.  Given the nature of this
request, it is entirely unclear to the Court how a reader would infer that the request was made,
not on Mr. Emerson's own personal behalf, but on behalf of Plaintiff SAE Productions without
any clear, explicit language stating as much.

Corporation rather than Mr. Emerson himself.[8]  Accordingly, the Court finds that the FOIA

Requests did not adequately identify Plaintiff SAE Productions as the requester, and Plaintiff

therefore lacks standing to pursue judicial review of the FOIA Requests at issue.  The Court

therefore shall dismiss Plaintiff's FOIA claims pursuant to Rule 12(b)(1) for lack of subject

matter jurisdiction.

   B.  *Plaintiff's Privacy Act Requests*

   Plaintiff's Complaint also alleges violations of the Privacy Act, based upon two of the

three requests at issue—the January 31, 2008 Request and the April 3, 2008 Request

(collectively "Privacy Act Requests").  *See* Compl. ¶¶ 5-15.  These Privacy Act Requests were

submitted by Mr. Emerson pursuant to the Privacy Act, as well as FOIA.  *See* Compl. ¶¶ 5-15;

*see also* January 31, 2008 Request; April 3, 2008 Request.  Although Defendant does not raise

Plaintiff's standing under the Privacy Act in its Motion to Dismiss, it is nonetheless "incumbent

upon [the Court] to determine whether [it] in fact [has] subject matter jurisdiction over" the case

before it.  *Denton v. Merit Sys. Protection Bd.*, 768 F.2d 422, 423 (D.C. Cir. 1985) (citing

---

[8]Plaintiff's reliance on its previous litigation efforts—involving FOIA requests not at issue here—is similarly misplaced.  *See* Pl.'s Opp'n at 8.  Specifically, Plaintiff contends that it has previously litigated FOIA requests that contained "identical identifying language" and that the court in that case issued a ruling without at any time raising, *sua sponte*, Plaintiff's standing to bring the FOIA claims at issue in that matter.  *See id.*  As an initial matter, the Court notes that Plaintiff has not provided the Court with the FOIA requests from the previous litigation, so the Court has no means of confirming Plaintiff's allegations that the language in the FOIA requests at issue in that case was "identical" to those now before this Court.  Nonetheless, even assuming that to be true, the Court is not persuaded that it must affirmatively find subject matter jurisdiction over Plaintiff's claims based upon the mere absence of any decision addressing Plaintiff's standing to bring claims in a separate lawsuit.  *Cf.* 18-134 Moore's Federal Practice-Civil § 134.02[1][d] (2006) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

*Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)).  As the D.C. Circuit has counseled,

"[t]hough the parties have not raised the question, . . . [a court is] obviously under a duty to make

that determination *sua sponte*."  *Id.*  Upon review, the Court concludes, *sua sponte*, that Plaintiff

also lacks standing to bring its claims under Privacy Act.

    The Privacy Act of 1974, 5 U.S.C. § 552a, regulates the collection, maintenance, use, and

dissemination of an individual's personal information by federal government agencies.  *See* 5

U.S.C. § 552a.  It is well accepted that "only individuals have standing to bring Privacy Act

claims."  *American Fed'n of Gov't Employees v. Hawley*, 543 F. Supp. 2d 44, 49-50 (D.D.C.

2008).  Accordingly, it is equally established that corporations and other organizations do not

generally have any Privacy Act rights.  *See CISPES v. Sessions*, 738 F. Supp. 544, 547 (D.D.C.

1990) ("[T]he Privacy Act does not confer standing upon organizations on their own or

purporting to sue on behalf of their members."); *see also Cell Assoc., Inc. v. Nat'l Inst. of Health*,

579 F.2d 1155, 1157 (9th Cir.1978) (remanding "with directions to dismiss Cell Associates, Inc.,

as a plaintiff for lack of standing under the Privacy Act" because "[i]t is clear that Cell

Associates, a corporation formed in 1974, is not an 'individual' within the meaning of the

statute"); *Dresser Indus., Inc. v. U.S.*, 596 F.2d 1231, 1237-38 (5th Cir. 1979) (holding that "a

corporation, it is not an 'individual' as defined in the Privacy Act . . .[and] the legislative history

leaves no room for debate on this subject").  Plaintiff, as a corporation, has no standing to bring

claims pursuant to the Privacy Act.  This conclusion makes eminent sense, given that the Privacy

Act Requests at issue here seek only FBI documentation relating to Mr. Emerson himself.

Plaintiff SAE Productions simply has no "'personal stake' in the alleged dispute," and therefore

lacks standing to seek judicial review of the Privacy Act claims at issue.  *See Raines,* 521 U.S. at

819.  Accordingly, the Court concludes that Plaintiff's claims under the Privacy Act must be

dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons stated above, the Court shall GRANT Defendant's [7] Motion to Dismiss

as to Plaintiff's FOIA claims pursuant to Rule 12(b)(1).  Furthermore, the Court *sua sponte* finds

that it lacks subject matter jurisdiction over Plaintiff's Privacy Act Claims pursuant to Rule

12(b)(1) as well.  Accordingly, Plaintiff's Complaint shall be DISMISSED in its entirety.  An

appropriate order accompanies this memorandum opinion.

Date: December 19, 2008

                                                             _/s/_____
                                                             COLLEEN KOLLAR-KOTELLY
                                                             United States District Judge